# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:07-CR-177-P |
| | § | |
| DIMETRIACE EVA-LAVON JOHN (3) | § | ECF |
| | § | |

## DEMITRIACE EVA-LAVON JOHN'S MOTION TO SUPPRESS EVIDENCE AND TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, Dimetriace Eva-Lavon John (3) Defendant, in the above-entitled and numbered cause, by and through Counsel, and files this Motion to Suppress Evidence and to Dismiss Superceding Indictment, attached hereto, as Exhibit A pursuant to Federal Rule of Criminal Procedure Rule 12(B).

On or about December 4, 2007, the Government handed down a Superceding Indictment alleging that Ms. John conspired to, aided and abetted, and committed access device fraud in violation of sections 18 USC section 1029(a)(5) and 18 USC section 1030(a)(2)(A) and (C). The indictment should be dismissed because these actions are based upon inadmissible hearsay statements of alleged co-conspirator Leland Cornelius Riley, FRE 801(d)(2)(E) and inadmissible hearsay statements and inauthentic records of CitiCorp Credit Card Services Inc., and Citibank, FRE 901.

**Inadmissible Hearsay Statements of Alleged Co-conspirator Leland Cornelius Riley**

The Government has no direct evidence of Ms. John's participation in a conspiracy, or that she aided and abetted computer access device fraud, other than the testimony of co-conspirator Leland Cornelius Riley. Before the government can offer the statements of Ms. John or Mr. Riley they must first meet the foundation requirements of FRE 801(d)(2)(E). This rule requires three foundational prerequisites:

    (1) the offering party must prove by a preponderance of the evidence that a conspiracy existed which involved the declarant and the non-offering party;

    (2) the declaration must be in furtherance of the conspiracy; and

    (3) the declaration must be made during the course of the conspiracy.

These three foundational prerequisites are preliminary questions of fact which are governed by FRE 104. *Bourjaily v. US, 483 US 171 (1987)*. When preliminary facts are disputed, which they are, the court must examine the hearsay statements sought to be admitted *id at 282*. The government cannot meet this burden. The only witness upon whom the conspiracy and aiding and abetting is premised is Defendant Leland Riley.

Mr. Riley was part of the original indictment of this matter, *US v. Riley et al, No 307cr-177-P (ND Tex. Judge Solis)*. Any evidence that Ms. John agreed to participate in a conspiracy by infiltrating Citicorp records is contradicted by the statement Mr. Riley made to Ashley Harris, where he admitted that he got the credit card information on his own. *See affidavit attached as Exhibit B*. The only other evidence produced by the government in support of the conspiracy are inauthentic hearsay records, which are not admissible as set forth further below.

**Inadmissible Hearsay Statements and Inauthentic Records of Citicorp Credit Card Services Inc and Citibank, FRE 802, 901**

The government has produced alleged computer records of Citicorp Credit Card Services in support of its Indictment for Conspiracy, Aiding and Abetting and Unauthorized Access. Copies of the records are attached as Exhibit C. As admitted by Citicorp., Ms. John's desk top computer from which she allegedly accessed this information have been destroyed. *See Affidavit of McDermott attached as Exhibit D.* In addition, Mr. McDermott also states that Citicorp "no longer has a list of sign-on codes for employees at the same location as defendant." *id.* Thus, there is no foundation evidence available to prove the accuracy of Exhibit C, which proports to be a print out of information reflecting a "process or system which produces it." *See FRE 901(9).* There is no evidence that the alleged system that produced this document is accurate. In addition, the records attached as Exhibit C are hearsay under Rule 802. The statement of Mr. McDermott attached in no way meets the exception to the hearsay rule under rule 803(6) or Under the Federal Business Records Act, *28 U.S.C.S. § 1732.*

WHEREFORE, PREMISES CONSIDERED, it is respectfully requested that this indictment be dismissed, that the aforementioned evidence be suppressed or that the Court conduct a pre trial hearing under *United States v. James, 590 F.2d 575, 579 (5th Cir.)* to determine the admissibility of co-conspirator statements and the alleged computer records.

Respectfully submitted,

KILGORE & KILGORE, PLLC


/s/ Theodore C. Anderson
Theodore C. Anderson
State Bar No. 01215700

3109 Carlisle Street
Dallas, TX  75204
(214) 969-9099 - Telephone
(214) 953-0133 - Fax

ATTORNEY FOR DEFENDANT
Dimetriace Eva-Lavon John


## CERTIFICATE OF SERVICE

This is to certify that on December 14, 2007 Defendant's Motion to Suppress Evidence and Dismiss was transmitted to the Clerk of the Court using the ECF system of filing, which will transmit a copy of the Notice of Electronic Filing to all ECF registrants.

/s/ Theodore C Anderson
Theodore C. Anderson