IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:07-CR-177-P |
| | § | |
| DIMETRIACE EVA LAVON JOHN (3) | § | |

## GOVERNMENT'S REQUESTED JURY INSTRUCTIONS

The United States of America submits the attached Government's Requested
Instructions.  All instructions are from Fifth Circuit Pattern Jury Instructions, (Criminal
Cases, 2001), unless otherwise noted.

Respectfully submitted,

RICHARD B. ROPER
UNITED STATES ATTORNEY


s/ J. Mark Penley
J. MARK PENLEY
Assistant United States Attorney
Texas State Bar No. 15750700
CANDINA S. HEATH
Assistant United States Attorney
Texas State Bar No. 09347450
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8619
Facsimile: 214.767.2846
mark.penley@usdoj.gov

**Government's Requested Jury Instructions - Page 1**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served on Ted Anderson, counsel

for defendant, by ECF on this 18th day of January, 2008.


s/ J. Mark Penley
J. MARK PENLEY
Assistant United States Attorney

**Government's Requested Jury Instructions - Page 2**

1.01

STANDARD PRELIMINARY INSTRUCTION BEFORE TRIAL

Members of the Jury:

You are now the jury in this case.  I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial I will give you more detailed instructions.  You must follow all of my instructions in doing your job as jurors.

This criminal case has been brought by the United States government.  I may sometimes refer to the government as the prosecution.  The government is represented at this trial by Assistant United States Attorneys Mark Penley and Candy Heath.  Defendant Dimetriace Eva-Lavon John is represented by her attorney, Ted Anderson.  The defendant has been charged by the government with criminal violations of federal law, specifically conspiring to commit access device fraud, committing access device fraud, aiding and abetting and exceeding authorized access to a protected computer.  The charges against the defendant is contained in the indictment.  The indictment is simply the description of the charge made by the government against the defendant, but it is not evidence that the defendant committed a crime.  The defendant pleaded not guilty to the charge.  A defendant is presumed innocent and may not be found guilty by you unless all twelve of you unanimously find that the government has proved defendant's guilt beyond a reasonable doubt.

**Government's Requested Jury Instructions - Page 3**

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence which it intends to put before you, so that you will have an idea of what the government's case is going to be.  Just as the indictment is not evidence, neither is the opening statement evidence.  Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendant's attorney may make an opening statement.  At this point in the trial, no evidence has been offered by either side.

Next, the government will offer evidence that it claims will support the charges against the defendant.  The government's evidence may consist of the testimony of witnesses as well as documents and exhibits.  Some of you have probably heard the terms "circumstantial evidence" and "direct evidence." Do not be concerned with these terms. You are to consider all the evidence given in this trial.

After the government's evidence, the defendant's lawyer may present evidence in the defendant's behalf, but the defense attorney is not required to do so.  I remind you that the defendant is presumed innocent and that the government must prove the guilt of the defendant beyond a reasonable doubt.  The defendant does not have to prove her innocence.  If the defendant decides to present evidence, the government may introduce rebuttal evidence.

After you have heard all the evidence on both sides, the government and the

defendant will each be given time for their final arguments.  I just told you that the

opening statements by the lawyers are not evidence.  The same applies to closing

arguments.  They are not evidence either, but you should pay close attention to them.

The final part of the trial occurs when I instruct you about the rules of law which

you are to use in reaching your verdict.  After hearing my instructions, you will leave the

courtroom together to make your decision.  Your deliberations will be secret.  You will

never have to explain your verdict to anyone.

Now that I have described the trial itself, let me explain the jobs that you and I are

to perform during the trial.

I will decide which rules of law apply to this case, in response to questions or

objections raised by the attorneys as we go along, and also in the final instructions given

to you after the evidence and arguments are completed.  You must follow the law as I

explain it to you whether you agree with it or not.

You, and you alone, are the judges of the facts.  Therefore, you should give careful

attention to the testimony and exhibits, because based upon this evidence you will decide

whether the government has proved, beyond a reasonable doubt, that the defendant has

committed the crimes charged in the indictment.  You must base that decision only on the

evidence in the case and my instructions about the law.  You will have the exhibits with

you when you deliberate.

It will be up to you to decide which witnesses to believe, which witnesses not to

believe, and how much of any witness's testimony to accept or reject.  I will give you

some guidelines for determining the credibility of witnesses at the end of the case.

The defendant is charged with six counts.  Count One is conspiracy to commit

access device fraud.  Counts Two through Five are for fraud with an access device.

Counts Six and Seven are for exceeding authroized access to a protected computer.  I will

give you detailed instructions on the law at the end of the case, and those instructions will

control your deliberations and decision.  But in order to help you follow the evidence I

will now give you a brief summary of the elements of the offenses which the government

must prove to make its case.

During the course of the trial, do not talk with any witness, or with the defendant,

or with any of the lawyers in the case.  Please do not talk with them about any subject at

all.  You may be unaware of the identity of everyone connected with the case.  Therefore,

in order to avoid even the appearance of impropriety, do not engage in any conversation

with anyone in or about the courtroom or courthouse.  It is best that you remain in the

jury room during breaks in the trial and not linger in the halls.  In addition, during the

course of the trial do not talk about the trial with anyone else- not your family, not your

friends, not the people with whom you work.  Also, do not discuss this case among

yourselves until I have instructed you on the law and you have gone to the jury room to

make your decision at the end of the trial.  Otherwise, without realizing it, you may start

forming opinions before the trial is over. It is important that you wait until all the

**Government's Requested Jury Instructions - Page 6**

evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.  Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case.  Because of this, do not attempt to gather any information on your own which you think might be helpful.  Do not engage in any outside reading on this case, do not attempt to visit any places mentioned in the case, and do not in any other way try to learn about the case outside the courtroom.

Now that the trial has begun you must not read about it in the newspapers or watch or listen to television or radio reports of what is happening here.  The reason for these rules, as I am certain you will understand, is that your decision in this case must be made solely on the evidence presented at the trial.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness.  This simply means that the lawyer is requesting that I make a decision on a particular rule of law.  Do not draw any conclusion from such objections or from my rulings on the objections.  These relate only to the legal questions that I must determine and should not influence your thinking.  If I sustain an objection to a question, the witness may not answer it.  Do not attempt to guess what answer might have been given had I allowed the question to be answered.  Similarly, if I tell you not to consider a particular statement, you should put that statement out of your mind, and you may not refer to that statement in your later deliberations.  If an objection

is overruled, treat the answer like any other.

During the course of the trial I may ask a question of a witness.  If I do, that does not indicate that I have any opinion about the facts in the case.  Nothing I say or do should lead you to believe that I have any opinion about the facts, nor be taken as indicating what your verdict should be.

During the trial I may have to interrupt the proceedings to confer with the attorneys about the rules of law which should apply here.  Sometimes we will talk here, at the bench.  Some of these conferences may take time.  So, as a convenience to you, I will excuse you from the courtroom.  I will try to avoid such interruptions as much as possible and will try to keep them short, but please be patient, even if the trial seems to be moving slowly.  Conferences outside your presence are sometimes unavoidable.

Finally, there are three basic rules about a criminal case which you should keep in mind.

First, the defendant is presumed innocent until proven guilty.  The indictment against the defendant brought by the government is only an accusation, nothing more.  It is not proof of guilt or anything else.  The defendant starts out with a clean slate.

Second, the burden of proof is on the government until the very end of the case. The defendant has no burden to prove her innocence, or to present any evidence, or to testify. Since the defendant has the right to remain silent, the law prohibits you in arriving at your verdict from considering that the defendant may not have testified.

Third, the government must prove the defendant's guilt beyond a reasonable doubt.  I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

Thank you for your attention.

1.03

INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges, I am one of the judges; the other is

the jury.  It is my duty to preside over the trial and to decide what evidence is proper for

your consideration.  It is also my duty at the end of the trial to explain to you the rules of

law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for

example, instructions about burden of proof and how to judge the believability of

witnesses.  Then I will give you some specific rules of law about this particular case, and

finally I will explain to you the procedures you should follow in your deliberations.

1.04

DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts.  But in determining what actually happened--that is, in reaching your decision as to the facts--it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

1.05

PRESUMPTION OF INNOCENCE,

BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against the defendant is not evidence of guilt.

Indeed, the defendant is presumed by the law to be innocent.  The law does not require

the defendant to prove her innocence or produce any evidence at all [and no inference

whatever may be drawn from the election of the defendant not to testify].  The

government has the burden of proving the defendant guilty beyond a reasonable doubt,

and if it fails to do so, you must acquit the defendant.

While the government's burden of proof is a strict or heavy burden, it is not

necessary that the defendant's guilt be proved beyond all possible doubt.  It is only

required that the government's proof exclude any "reasonable doubt" concerning the

defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful

and impartial consideration of all the evidence in the case.  Proof beyond a reasonable

doubt, therefore, is proof of such a convincing character that you would be willing to rely

and act upon it without hesitation in the most important of your own affairs.

1.06

EVIDENCE–EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts.  In doing so, you must

consider only the evidence presented during the trial, including the sworn testimony of

the witnesses and the exhibits.  Remember that any statements, objections, or arguments

made by the lawyers are not evidence.  The function of the lawyers is to point out those

things that are most significant or most helpful to their side of the case, and in so doing to

call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the

evidence that controls in the case.  What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits.  You must

disregard those questions and exhibits entirely.  Do not speculate as to what the witness

would have said if permitted to answer the question or as to the contents of an exhibit.

Also, certain testimony or other evidence has been ordered stricken from the record and

you have been instructed to disregard this evidence.  Do not consider any testimony or

other evidence which has been stricken in reaching your decision.  Your verdict must be

based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I

have any opinion concerning any of the issues in this case.  Except for the instructions to

you on the law, you should disregard anything I may have said during the trial in arriving

at your own findings as to the facts.

1.07

EVIDENCE -- INFERENCES -- DIRECT AND CIRCUMSTANTIAL

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that something is or is not a fact.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

1.08

CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case.  You should decide whether you believe all or any part of what each person had to say, and how important that testimony was.  In making that decision I suggest that you ask yourself a few questions:  Did the person impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  These are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of a defendant should be weighed and his credibility evaluated in

the same way as that of any other witness.]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

1.17

EXPERT WITNESS

During the trial you heard the testimony of U.S. Postal Inspection Service forensic laboratory fingerprint examiner Craig Hellmann, who has expressed opinions concerning the fingerprints found on some of the documents which were examined in this case.  If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

1.18

ON OR ABOUT

You will note that the indictment charges that the offense was committed on or about a specified date.  The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crimes on a date reasonably near September 2005, through December 2005, the dates stated in the indictment.

1.19

CAUTION-CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged.  The defendant is not on trial for any act, conduct, or offense not alleged in the indictment.  Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

1.20

CAUTION--PUNISHMENT

If the defendant is found guilty, it will be my duty to decide what the punishment

will be.  You should not be concerned with punishment in any way.  It should not enter

your consideration or discussion.

1.27

CONFESSION - STATEMENT-VOLUNTARINESS

In determining whether any statement, claimed to have been made by a defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care, and should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, his treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

1.29

## IDENTIFICATION TESTIMONY

In any criminal case the government must prove not only the essential elements of the offense or offenses charged, as hereafter defined, but must also prove, of course, the identity of the defendant as the perpetrator of the alleged offense or offenses.

In evaluating the identification testimony of a witness you should consider all of the factors already mentioned concerning you assessment of the credibility of any witness in general, and should also consider, in particular, whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified. You may consider, in that regard, such matters as the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant.

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of a defendant as the perpetrator of the offense charged, you must find the defendant not guilty.

COUNT 1

CONSPIRACY TO COMMIT ACCESS DEVICE FRAUD

(18 U.S.C. § 371)

Title 18, United States Code, Section 371, makes it a crime for anyone to conspire with someone else to commit an offense against the laws of the United States.

The defendant is charged with conspiring to commit access device fraud.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendants guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant and at least one other person made an agreement to commit the crime of access device fraud as charged in the indictment;

*Second:* That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third:* That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators.  If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict her for

**Government's Requested Jury Instructions - Page 24**

conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have been associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

COUNTS 2-5

FRAUD IN CONNECTION WITH ACCESS DEVICE

(18 U.S.C. §1029(a)(5) and 2)

Title 18, United States Code, Section 1029 (a)(5), makes it a crime for a person to knowingly and with intent to defraud commit fraud in connection with an access device issued to another person.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

_____ *First*: That the defendant knowingly effected transactions with an access device or devices issued to another person;

*Second*: That the defendant obtained through such transactions at any time during the one year period beginning in September 2005 and ending in September 2006 a total of at least $1,000 in payments or any other things of value;

*Third*: That the defendant acted with intent to defraud; and

*Fourth:* That the defendant's conduct in some way affected commerce between one state and another or between a state or the United States and a foreign country.

The government is not required to prove that the defendant knew that her conduct would affect interstate commerce.  It is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate commerce by her actions or that commerce was actually affected.  All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce.  If you decide that there would be any effect at all on interstate commerce, then that is enough to

satisfy this element.  The effect can be minimal.

The term "access device" means any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds. 18 U.S.C. § 1029(e)(1).

2.06

AIDING AND ABETTING

(18 U.S.C. § 2)

Title 18, United States Code, Section 2, makes it a crime for a person to commit an offense against the United States, or to aid, abet, counsel, command, induce or procure its commission.  Such a person is punishable as a principal.

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged.  The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his agent, or by acting in concert with , or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is

being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find the defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the offense of Fraud in Connection with an Access Device was committed by some person;

*Second:* That the defendant associated with the criminal venture;

*Third:* That the defendant purposefully participated in the criminal venture; and

*Fourth:* That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assisted the principal of the crime. See *United States v. Garcia*, 242 F.3d 593, 596 (5th Cir. 2001).

**Government's Requested Jury Instructions - Page 29**

COUNTS 6-7

EXCEEDING AUTHORIZED ACCESS TO A PROTECTED COMPUTER

(18 U.S.C. § 1030(a)(2)(A) and (C)

Title 18, United States Code, Section 1030(a)(2)(A) and (C) makes it a crime for a

person to intentionally access a computer in excess of authorized access and thereby

obtain information contained in a financial record of a financial institution, or obtain

information from any protected computer if the conduct involved an interstate or foreign

communication.

The defendant can be found guilty of that offense only if all of the following facts

are proved beyond a reasonable doubt:

> *First:* That the defendant intentionally accessed a computer in excess of the
> defendant's authorization;

> *Second:* That the defendant thereby obtained information contained in a financial
> record of a financial institution, or obtained information from any
> protected computer if the conduct involved an interstate or foreign
> communication; and

> *Third:* That the offense was committed for purposes of private financial gain or to
> further a criminal act.

The term "computer" means an electric, magnetic, optical, electrochemical, or

other high speed data processing device performing logical, arithmetic, or storage

functions, and includes any data storage facility or communications facility directly

related to or operating in conjunction with such device.

The term "protected computer" means a computer exclusively for the use of a

**Government's Requested Jury Instructions - Page 30**

financial institution, or in the case of a computer not exclusively for such use, used by or for a financial institution and the conduct constituting the offense affects that use by or for the financial institution.

The term "exceeds authorized access" means to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter.

The term "financial record" means information derived from any record held by a financial institution or issuer of a credit card pertaining to a customer's relation to it.

The term "financial institution" means an institution with deposits insured by the Federal Deposit Insurance Corporation.

A "criminal or tortious act" would include committing fraud with an access device which belongs to another person or conspiring to commit access device fraud.

1.24

DUTY TO DELIBERATE--VERDICT FORM

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous on the sole count of the indictment.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges -- judges of the facts.  Your duty is to decide whether the government has proved the defendants guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

[Explain verdict form.]

**Government's Requested Jury Instructions - Page 32**

The foreperson will write the unanimous answer of the jury in the space provided for the sole count of the indictment, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal.  I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.